Case 7:14-cv-00536   Document 53   Filed in TXSD on 12/14/15   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
December 14, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| BELINDA SANTA MARIA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:14-CV-536 |
| § | |
| STATE FARM LLOYDS, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

There are several motions pending before the Court in this case. First, Plaintiffs filed a "Motion to Compel Appraisal and Abate,"[1] on June 16, 2015, to which Defendant State Farm Lloyds ("State Farm) filed a timely response.[2] Second, State Farm filed a "Motion for Summary Judgment,"[3] on July 1, 2015 to which Plaintiffs timely responded.[4] In turn, State Farm filed a timely reply,[5] to which Plaintiffs filed a sur-reply.[6] Third, Plaintiffs filed a "Verified Motion for Continuance of the Proceedings on the Motion for Summary Judgment,"[7] on July 22, 2015 to which State Farm timely responded,[8] and Plaintiffs replied.[9] Finally, State Farm filed a "Second Motion for Leave to File Amended Answer,"[10] on September 8, 2015 to which Plaintiffs filed a timely response.[11] Given the interrelated nature of the motions and common issues involved in their disposition, the Court will consider them concurrently.

---

[1] Dkt. No. 27 ("Motion to Compel Appraisal and Abate").
[2] Dkt No. 29 ("Response to Appraisal and Abate").
[3] Dkt. No. 28 ("Motion for Summary Judgment").
[4] Dkt. No. 38 ("Response to Summary Judgment").
[5] Dkt. No. 39 ("Reply to Summary Judgment").
[6] Dkt. No. 40 ("Sur-reply to Summary Judgment").
[7] Dkt. No. 37 ("Motion for Continuance of Motion for Summary Judgment").
[8] Dkt. No. 41 ("Response to Continuance").
[9] Dkt. No. 43 ("Reply to Continuance.").
[10] Dkt. No. 45 ("Motion for Leave").
[11] Dkt. No. 46 ("Response to Leave").

After considering the motions, responsive filings, record, and relevant authorities, the Court **DENIES** the motion for continuance of the proceedings, **GRANTS** State Farm's motion for summary judgment and **DISMISSES** this case. Accordingly, the Court **DENIES AS MOOT** the motion to compel appraisal and abate and State Farm's motion for leave to file an amended answer.

I.  Background

Plaintiffs' claims arise from damage sustained to their property as a result of a March 29, 2012 storm event in the Rio Grande Valley.[12] On April 11, 2012, Plaintiffs reported an insurance claim for property loss, and State Farm inspected the property on May 2, 2012, estimating the loss to the dwelling at $7,028.04.[13] The State Farm adjuster found damage to the "dwelling roof, window beading and glass on the front elevation, window screen on the right elevation, window beading and screen on the rear elevation, window beading and screen on the rear elevation, air conditioning fins, and interior water damage in the master bedroom."[14] On the same day, May 2, 2012, State Farm issued to Plaintiffs the actual cash value payment of $2,177.16, after applying depreciation and deductible.[15]

In June 2012, State Farm received a signed contract between Plaintiffs and their contractor, Up Top Roofing & Contracting ("Up Top"), to complete repairs to the property.[16] Up Top's repairs estimate was $7,028.04, the exact amount estimated by the State Farm adjuster.[17] Based on Plaintiffs' representation that repairs would be completed and upon receiving the Up Top contract, State Farm then issued payment of the recoverable depreciation in

---

[12] *See* Dkt. No. 1, Exh. A ("Petition").
[13] Motion for Summary Judgment, Exh. B ("Hendrix Declaration") at ¶ 3; Motion for Summary Judgment at ¶ 2.
[14] *Id*.
[15] Response to Appraisal and Abate at ¶2.
[16] Hendrix Declaration at ¶ 4.
[17] *Id*.

the amount of $2,330.88.[18] State Farm closed the claim on July 12, 2012 because Plaintiffs never indicated that there remained unrepaired damage due to the storm or that they disagreed with the amount of loss determined by State Farm at that time.[19] State Farm had no further contact or communications with Plaintiffs until this suit was filed.[20]

On April 22, 2014, Plaintiffs filed the instant lawsuit in state court alleging several insurance-related causes of action against State Farm, including an allegation that State Farm failed to conduct a reasonable investigation of their claims.[21] Subsequently, on June 21, 2014, State Farm removed the case to this Court.[22] After the Court denied Plaintiffs' motion to remand and dismissed then-defendants Richard Freymann and Mario G. Munoz,[23] the Court abated the case on November 17, 2014 for sixty days to allow Plaintiffs to provide State Farm proper notice pursuant to Texas Insurance Code § 541.154.[24]

On February 3, 2015, Plaintiffs invoked the appraisal clause under the terms of the policy,[25] and shortly thereafter, on February 20, 2015, State Farm declined the demand for appraisal.[26] On May 7, 2015, the Court granted Plaintiffs' motion to lift abatement.[27] The parties thereafter filed the motions now before the Court.

## II. Motion to Continue Summary Judgment Proceedings

As an initial matter, Plaintiffs challenge the motion for summary judgment as premature, asserting that insufficient discovery has been completed to allow a proper response to the motion

---

[18] *Id.*
[19] *Id.* at ¶¶ 6-8.
[20] *Id.* at ¶ 6.
[21] Petition.
[22] Dkt. No. 1.
[23] Dkt. No. 18.
[24] Dkt. No. 20.
[25] Motion to Compel Appraisal and Abate, Exh. B.
[26] Motion to Compel, Exh. C.
[27] Dkt. No. 26.

for summary judgment.[28] Under Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows by affidavit or declaration, with specificity, why it cannot present facts essential to justify its opposition to a motion for summary judgment, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.[29] In order to obtain such relief, however, the nonmovant must show "by affidavit or declaration that, *for specified reasons*, it cannot present facts essential to justify its opposition."[30] In this manner, the nonmovant must set forth "how additional discovery will create a genuine issue of material fact."[31]

Relief under Rule 56(d) is not warranted if either (1) the proffered basis does not present a reasonable likelihood that further discovery would produce evidence creating a fact issue,[32] or (2) such evidence would not create fact issues for each essential element of the nonmovant's claim.[33] Motions under Rule 56(d) are "viewed favorably and liberally granted."[34] A party seeking continuance or other relief authorized by Rule 56(d) "must show that it has exercised due diligence in the pursuit of discovery."[35]

As grounds for continuance, Plaintiffs argue "essential" testimony from State Farm's corporate representatives and other fact witnesses involved in the handling of their claims still

---

[28] Motion for Continuance of Motion for Summary Judgment at ¶5.
[29] *See McKay v. Novartis Pharm. Corp.,* 751 F.3d 694, 700 (5th Cir.2014).
[30] *Id.* (emphasis added).
[31] *Canady v. Bossier Parish Sch. Bd.*, 240 F.3d 437, 448 (5th Cir. 2001) (citing *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994)).
[32] *Beverly v. Wal-Mart Stores, Inc.*, 428 F.App'x 449, 451 (5th Cir. 2011) ("If it reasonably appears that further discovery would not produce evidence creating a genuine issue of material fact, the district court's preclusion of further discovery prior to entering summary judgment is not an abuse of discretion.") (quoting *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.*, 992 F.2d 1398, 1401 (5th Cir. 1993)).
[33] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's cause necessarily renders all other facts immaterial.")
[34] Beattie v. Madison County School Dist., 254 F.3d 595, 605 (5th Cir.2001).
[35] *St. Bernard Parish v. Lafarge N. Am.*, 550 F. App'x 184, 187 (5th Cir. 2013) (denying extension of discovery after finding that party seeking 56(d) relief did not diligently pursue discovery), *cert. denied sub nom. Lafarge N. Am., Inc. v. St. Bernard Parish, La.*, 134 S. Ct. 2877 (2014).

need to be secured in order to "fully and adequately state their opposition" to State Farm's motion for summary judgment.[36] Plaintiffs generally argue they need discovery to support their claims but do not specifically address how the discovery relates to the issues raised by State Farm's motion for summary judgment.[37] State Farm counters that a continuance is not warranted as Plaintiffs had "ample time to conduct discovery" while they contested jurisdiction and other initial issues in the case.[38] Plaintiffs counter-argue that it would have been impracticable to begin discovery while "confronted not only with remand, but with a motion to dismiss, two abatements, the completion of an appraisal process, and the lifting of abatement on May, 7, 2015."[39]

The Court finds that the discovery sought is not likely to create a fact issue for reasons more fully set forth below. The Court **DENIES** Plaintiffs' request for continuance of the summary judgment proceedings and rules on State Farm's motion for summary judgment.

### III. Motion for Summary Judgment

On July 1, 2015, State Farm filed its Motion for Summary Judgment arguing summary judgment was warranted here because it did not breach the Homeowner Policy ("Policy").[40] State Farm also moved for summary judgment on Plaintiffs' extra-contractual claims, arguing these causes of action were "derivative of their defunct breach of contract claim" and that none of Plaintiffs' alleged facts could "give rise to an independent injury claim."[41] Plaintiffs' petition alleged State Farm committed fraud, conspired to commit fraud, breached the common law duty of good faith and fair dealing and violated Texas Insurance Code Chapters 541 and 542.[42] State

---

[36] Motion for Continuance of Motion for Summary Judgment at ¶5.
[37] *Id*. at ¶¶9-15.
[38] Response to Continuance at ¶¶ 2-5.
[39] Reply to Continuance at ¶14.
[40] Motion for Summary Judgment at ¶ 7.
[41] *Id*. at ¶ 8.
[42] Petition at ¶¶40, 54, 55, 56, 58, 64, 70.

Farm's arguments in favor of summary judgment proceed sequentially to address the claim for breach of contract before the extra-contractual claims, a rubric which the Court finds helpful.

### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[43] A fact is "material" if its resolution could affect the outcome of the action,[44] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[45] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[46]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[47] In this showing, "bald assertions of ultimate fact" are insufficient.[48] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[49] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[50] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[51] This demonstration must specifically indicate

---

[43] FED. R. CIV. P. 56(a).
[44] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[45] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[46] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[47] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[48] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[49] *See Celotex Corp.*, 477 U.S. at 323.
[50] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).
[51] *See id.*

facts and their significance,[52] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[53]

Finally, because federal jurisdiction is invoked on the basis of diversity of citizenship,[54] this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[55] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[56]

> i. *Summary Judgment Evidence and Objections*

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[57] Although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[58] By either method, parties need not proffer evidence in a form admissible at trial,[59] but must proffer evidence substantively admissible at trial.[60] Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[61] Parties may cite to any part

---

[52] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[53] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[54] Dkt. No. 1 at ¶ 9.
[55] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[56] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[57] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[58] *See id.*
[59] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[60] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[61] *See* FED. R. CIV. P. 56(e).

of the record, or bring evidence in the motion and response.[62] However, allegations set out in a plaintiff's complaint are not evidence.[63]

Both parties have proffered copies of the policy at issue,[64] and State Farm submits the claim file it maintained on Plaintiffs.[65] State Farm also attaches the declaration of claim representative Mark Hendrix ("Hendrix").[66] Plaintiffs have not objected to any of these materials. In support of their position, Plaintiffs submit an affidavit from Plaintiff Belinda Santa Maria ("Ms. Santa Maria"),[67] as well as an affidavit, expert report, photographs and curriculum vitae (CV) from Mr. Daniel Guiter ("Guiter").[68] State Farm objects to Plaintiffs' evidence. The Court finds it unnecessary to rule to on these objections because even if considered in their entirety, neither affidavit raises a genuine issue of material fact.

### B. Breach of Contract

At issue in the pending motion for summary judgment is whether the evidence raises any issue of material fact that State Farm breached the Policy with Plaintiffs. Plaintiffs claim State Farm breached the contract by failing to pay adequate compensation as obligated by the Policy.[69] State Farm on the other hand maintains Plaintiffs' claim was paid according to the Policy's loss settlement endorsement provision, which states:

---

[62] *See* FED. R. CIV. P. 56(c).
[63] *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.").
[64] Motion for Summary Judgment, Exh. A; Response to Summary Judgment, Exh.D.
[65] Motion for Summary Judgment, Exh. 1, Claim File.
[66] Hendrix Declaration.
[67] Response to Summary Judgment, Exh. A.
[68] *Id.*, Exh. C.
[69] Petition at ¶¶56-57.

**SECTION I –LOSS SETTLEMENT**

**COVERAGE A – DWELLING** (Applicable to Homeowners Policy)

**A1 – Replacement Cost Loss Settlement – Similar Construction** is replaced with the following"

a. [State Farm] will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **Section I – Coverages, Coverage A – Dwelling** …subject to the following:

(1) until repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property . . .

(2) when the repair or replacement is actually completed, we will pay the covered additional amount you *actually and necessarily spend to repair or replace the damaged part of the property*, …

(3) *to receive any additional payments on a replacement cost basis*, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and *notify us* within 30 days after the work has been completed; . . . [70]

State Farm argues that it paid Plaintiffs the amount they "actually and necessarily spen[t] to repair or replace the damaged property"[71] and thus, it "fully complied with the Policy."[72] Further, State Farm argues that because Plaintiffs did not: (1) "object or in any way contest State Farm's payment of replacement cost benefits,"[73] *or* (2) indicate they "disagreed with the amount of loss determined by State Farm,"[74] *or* (3) "make a claim for any other damages,"[75] there is no dispute between the parties about the amount of loss.[76] Plaintiffs argue generally that State Farm breached the contract by underpaying the claims.

---

[70] Motion for Summary Judgment, Exh. A at p.7 (emphasis added).
[71] *Id*. at ¶ 6.
[72] *Id*.
[73] *Id*.
[74] *Id*. at ¶ 5.
[75] *Id*. at ¶ 6.
[76] Reply to Summary Judgment at ¶ 3.

In Texas, insurance policies are controlled by Texas rules of contract construction.[77] The elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[78] In Texas, the party claiming breach of contract has the burden of proof.[79]

Here, the first element of a breach of contract claim is satisfied as the parties do not dispute that they entered into a valid contract. The central issue is whether Plaintiffs performed or tendered performance. The Policy between the parties states "[State Farm] will pay the cost to repair or replace . . . the damages part of the property covered,"[80] subject to conditions explained earlier. The undisputed evidence is that State Farm paid the cost to repair or replace very soon after Plaintiffs' claim was made. While Plaintiffs insist that the payment was insufficient, the Policy here does provide that to receive any additional payments, Plaintiffs must complete the repair or replacement *and* notify State Farm of the alleged deficiency within thirty days after the work had been completed. The claim file attached to State Farm's motion for summary judgment clearly indicates that in July 2012 the majority of all work had been completed.[81] Hendrix's declaration establishes that State Farm received no further notice from Plaintiffs until two years later when suit was filed in May 2014.[82] Neither Ms. Santa Maria's affidavit or the Guiter affidavit and estimate establish that notice was provided to State Farm before May 2014. In fact, the record as a whole supports State Farm's contention that after payment was made in July

---

[77] *Mid-Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)).
[78] *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, rehearing overruled)).
[79] *W.G. Pettigrew Distrib. Co. v. Borden, Inc.*, 976 F. Supp. 1043, 1057 (S.D. Tex. 1996), *aff'd sub nom. W.G. Pettigrew Co. v. Borden, Inc.*, 127 F.3d 34 (5th Cir. 1997) (granting summary judgment to defendant because plaintiffs, who had the burden of proof, failed to establish essential elements of breach of contract).
[80] Motion for Summary Judgment, Exh. A at p.7.
[81] *Id.*, Exh. 1, Claim File; Hendrix Declaration at ¶6.
[82] Hendrix Declaration at ¶7.

2012, Plaintiffs had no further contact with State Farm until Plaintiffs filed the instant lawsuit. Thus, it is clear that Plaintiffs' failure to perform as required by the Policy defeats their breach of contract claim.

Plaintiffs appear to be alleging that State Farm has a general duty under the policy to pay for damaged property covered by the Policy even when Plaintiffs fail to notify State Farm of any such damage. This unsupported argument is simply without merit. Plaintiffs failed to give prompt notice of their remaining property damages and failed to file a claim for the alleged damage to their property in contravention of the Policy.

In short, the fact that Plaintiffs are dissatisfied with the damages paid is not the result of State Farm's failure to fulfill a Policy obligation; instead, it results from Plaintiffs' knowing failure to even submit damages to State Farm prior to filing this lawsuit. By way of Ms. Santa Maria's affidavit, the Court observes that Plaintiffs knew at the time of their roof replacement there was a need for further repairs to their property.[83] At that point, Plaintiffs should have supplemented their claim. Therefore, the Court finds that as it concerns these losses, this lawsuit is in contravention of the requirements of the Policy. In turn, because Plaintiffs have failed to raise a genuine issue of fact, State Farm's motion for summary judgment as to the breach of contract claim is **GRANTED**.

### C. *Extra-Contractual Claims*

Plaintiffs' original petition alleges extra-contractual claims against State Farm for (1) committing violations of Chapters 541and 542 of the Texas Insurance Code;[84] (2) engaging in fraud and conspiracy to commit fraud;[85] and (3) breaching the common law duty of good faith

---

[83] Had Plaintiffs provided such notice, Ms. Santa Maria could have so attested in her affidavit; no continuance would be necessary to obtain Plaintiffs' own affidavit.
[84] Petition at ¶¶58-67.
[85] *Id*. at ¶¶46-54.

and dealing.[86] State Farm argues Plaintiffs cannot maintain any extra-contractual causes of action because State Farm timely investigated Plaintiffs' claim and paid the full amount owed pursuant to the Policy on the completed repairs.[87] State Farm contends that Plaintiffs cannot succeed on their extra-contractual claims because each cause of action in the original petition relates "solely" to the "defunct" breach of contact claim.[88] State Farm also argues Plaintiffs fail to allege facts that would give rise to an independent injury claim.[89]

*Bad Faith Claims*

In Texas, the common-law bad faith standard for breach of the duty of good faith and fair dealing is imputed to statutory liability under the Texas Insurance Code; both extra-contractual claims share the same predicate for recovery, such that evidentiary insufficiency is equally dispositive.[90] Relevant to the disposition of this case, the Texas Supreme Court has held that an insured's bad faith claims must fail as a result of the Court's resolution of the breach of contract claim in the insurer's favor, unless the insured can demonstrate actions or omissions that caused an injury independent of those that would have resulted from the wrongful denial of the policy benefits.[91]

As State Farm notes,[92] Plaintiffs' bad-faith causes of action relate solely to property damage that Plaintiffs failed to notify State Farm of before filing suit. To the extent Plaintiffs

---

[86] *Id.* at ¶55 and ¶70.
[87] Motion for Summary Judgment at ¶10.
[88] *Id.* at ¶8.
[89] *Id.* at ¶10.
[90] *See Emmert v. Progressive Cnty. Mut. Ins. Co.*, 882 S.W.2d 32, 36 (Tex. App.—Tyler 1994, writ denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App.—El Paso 2010, review denied) (citing *Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922–23 (Tex. 2005) (per curiam)).
[91] *Great Am. Ins. Co. v. AFS/IBEX Fin. Services, Inc.*, 612 F.3d 800, 808 n.1 (5th Cir. 2010) (citing *Parkans Int'l LLC v. Zurich Ins. Co.*, 299 F.3d 514, 519 (5th Cir. 2002)). *But see In re Deepwater Horizon*, 14-31321, 2015 WL 7421978, at *10 (5th Cir. Nov. 19, 2015), *certified question accepted* (Dec. 4, 2015) (certifying that question to the Texas Supreme Court).
[92] Motion for Summary Judgment at ¶¶9-10.

even sufficiently alleged extra-contractual claims in their petition,[93] the bad-faith causes of action relate solely to State Farm's investigation and handling of claims they initially submitted in April 2012, and claims they failed to submit after. Plaintiffs have offered no evidence raising a genuine issue of material fact on these claims. Accordingly, the Court **GRANTS** summary judgment in State Farm's favor on Plaintiffs' common-law and statutory claims of bad faith.

*Prompt Payment of Claims*

Similarly, Plaintiffs brought a claim under Chapter 542 of the Texas Insurance Code against State Farm for its alleged failure to timely pay Plaintiffs' claims.[94] It is undisputed here that State Farm tendered payment pursuant to the Policy, the same day it completed its inspection.[95] Again, Plaintiffs failed to notify State Farm of their additional claims. Thus, because Plaintiffs have failed to even allege an action which would constitute an independent violation, the Court **GRANTS** summary judgment in State Farm's favor on this claim as well.

*Fraud & Conspiracy*

Lastly, State Farm prays that the Court dismiss all the remaining claims as a matter of law, as they are derivative of Plaintiffs' defunct breach of contract claim.[96] To the extent these allegations even properly state a claim, State Farm has sufficiently showed the absence of a genuine issue of material fact by proffering evidence of proper completion of the claims process and tendering of payment. In contrast, Plaintiffs have failed to offer evidence to the contrary, overlooking the fact they failed to give notice of additional claims to State Farm pursuant to the Policy. As a result, the Court **GRANTS** summary judgment in favor of State Farm as to Plaintiffs' fraud and conspiracy to commit fraud claims.

---

[93] Petition at ¶¶58-63; 70-71.
[94] Petition at ¶¶64-67.
[95] Response to Summary Judgment at ¶8; *see* Motion for Summary Judgment, Exh. B, ¶¶ 3.
[96] Motion for Summary Judgment at p. 7.

### IV. Holding

Due to State Farm's compliance with the Policy, there is no breach of contract. Plaintiffs failed to give notice and failed to file additional claims for property damage as required under their Policy. Furthermore, Plaintiffs' extra-contractual claims for breach of the duty of good faith and fair dealing, as well as statutory violations of the Texas Insurance Code, do not survive absent the breach of contract claim. Finally, Plaintiffs' fraud and conspiracy to commit fraud claims are fatally unsupported. Accordingly, the Court finds summary judgment as to all claims is warranted. For the foregoing reasons, the Court **GRANTS** the motion for summary judgment. Thus, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court **STRIKES** the remaining motions as moot. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of December, 2015.

_____
Micaela Alvarez
United States District Judge